IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LUCAS L. BAILEY, #255265, | ) CIVIL ACTION NO. 9:07-3722-HMH-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| OFC W. LEVERETT, | ) |
| Defendant. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges that the Defendant Correctional Officer violated his constitutional rights.

The Defendant filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on May 13, 2009. Because the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 18, 2009, advising Plaintiff of the importance of a motion summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted, thereby ending his case.

Notwithstanding the specific warnings and instructions as set forth in the Court's Roseboro order, however, Plaintiff did not respond to the motion for summary judgment. Therefore, the Court entered a second Order on June 26, 2009, advising Plaintiff that it appeared to the Court



that he may wish to abandon this action, and granting the Plaintiff ten (10) additional days in which to file a response to the motion for summary judgment. Plaintiff was further specifically advised in that Order that his case would be recommended for dismissal for failure to prosecute if he failed to oppose Defendant's motion. Plaintiff again did not file a timely response; however, he did file a motion for an extension of time to file a response on July 15, 2009. Plaintiff's motion was granted, and his time to file a response was extended to August 14, 2009.

Plaintiff did not timely respond, but a response was received and filed by the Clerk on August 20, 2009. No exhibits were attached. Defendant's motion is now before the Court for disposition.[1]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the allegations of the complaint, the arguments of the parties, and the evidence submitted, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

Plaintiff alleges in his unverified complaint[2] that on October 21, 2004 the Defendant Leverett together with a "Sgt. Tinch" were doing a roll call. Plaintiff alleges that he opened a locker and stuck his arm in to get a cell mate's ID, when the Defendant slammed his arm in the locker. Plaintiff alleges that, following this incident, Leverett told him "hey dude, I am sorry I lost my cool," but that he did not accept Leverett's apology. Plaintiff alleges that he told the officers he needed to go to "medical" because the locker had cut his arm, and that Leverett then arranged for him to go to the medical department. Plaintiff alleges the cut was treated by a nurse, following which he left. Plaintiff seeks monetary damages, and to have the Defendant charged with assault.

In support of summary judgment in this case, the Defendant William Leverett has submitted an affidavit wherein he attests that on October 21, 2004, he and his supervisor, Sergeant Tinch, were conducting a roll call count in the Plaintiff's dorm. Leverett attests that, during roll call count, inmates are supposed to stand at their cell door with their identification badge in hand,

---

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff has filed an *unverified* Complaint. Indeed, the Complaint is not even signed. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.



although this was not required by all officers. Leverett attests that he entered Plaintiff's cell and the Plaintiff and his two cell mates stated their names and SCD numbers, following which Leverett informed them that he would need to see their identification badges to confirm their identity. Leverett attests that one of Plaintiff's cell mates was lying on his bed and asked Plaintiff to get his identification badge from his locker, but that when the locker door was opened, it blocked his view of the Plaintiff, which is a security risk. Leverett attests that it is important for him to be able to see inmates at all times as Plaintiff could have gotten some type of weapon from the locker, so he closed the door slightly so that he could see the Plaintiff. Leverett attests that, although the locker door did touch Plaintiff's arm, he did not close the locker door on Plaintiff's arm nor did he slam the locker door. Leverett attests that Plaintiff took the identification badge out of the locker and handed it to his cell mate, and did not make any statements about the locker or that he had been injured in any way. Leverett attests that he and Tinch then proceeded to the next cell.

Leverett attests that after the count was completed, Plaintiff came to him and stated that he wanted an Incident Report filled out. Leverett attests that he informed Plaintiff that he did not intend to do an Incident Report because there had been no incident, and that Plaintiff could file a grievance if he felt he had been treated improperly. Leverett attests that Plaintiff also stated that he [Leverett] had hurt his arm with the locker door and that although he [Leverett] could not see any visible signs of injury to Plaintiff's arm, Plaintiff was taken to the medical department. Leverett attests that the nurse questioned Plaintiff in his and Captain Baldwin's presence, at which time Plaintiff stated that he [Leverett] had slammed the locker door on Plaintiff's arm. Leverett attests that the nurse told Plaintiff that the injuries he was claiming were not consistent with how he stated



the injury happened.  See generally Leverett Affidavit.

Sergeant Dorothy Tinch has also submitted an affidavit, wherein she confirms that she and the Defendant were conducting the role call count on the date indicated, during which the Defendant entered Plaintiff's cell and informed Plaintiff and his cell mates that he would need to see their identification badges.  Tinch further affirms the version of events attested to by Leverett in his affidavit, including that Plaintiff did not make any statements about the locker or that he had been injured in any way.  Tinch attests that at no time did she see the Defendant strike the Plaintiff or slam the locker door on his arm, or use improper force on the Plaintiff in any way.  See generally Tinch Affidavit.

Finally, the Defendant has submitted a copy of Plaintiff's medical records.  These medical records include a narrative for October 21, 2004 showing that Plaintiff complained that an officer had slammed a locker on his right lower arm.  The narrative states that an abrasion was noted on the right lower arm with no bleeding, and that Plaintiff was provided with a band-aid.  See Exhibit (Court Docket No. 32-9, p. 18).

As noted, Plaintiff has submitted no evidence to the Court for review in support of his claim.

When reviewing allegations of excessive force, the Court must consider 1) the need for the application of force,  2) the relationship between the need and the amount of force that was used,  3) the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them,  4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner. Whitley v. Albers, 475 U.S. 312, 321



(1986). See Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm]; see also United States v. Cobb, 905 F.2d 784 (4th Cir. 1990), cert. denied, 498 U.S. 1049 (1991); Taylor v. McDuffie, 155 F.3d 479 (4th Cir. 1998); Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994); Fuentes v. Wagner, 206 F.3d 335, 342 (3d Cir. 2000); Wilson v. Williams, 83 F.3d 870, 873 (7th Cir. 1996) [applied to pretrial detainee]; Thomas v. Sawyer, No. 97-2475, 1999 WL 155704 at *3 (N.D.Tex. Mar. 11, 1999); Moore v. Martinez County Jail, No. 98-731, 1998 WL 602113 at *2 (N.D.Cal. Sept. 4, 1998). The evidence before the Court is not sufficient to create a genuine issue of fact as to whether excessive force was used in this case under the applicable standard, and indeed fails to show that any force was used whatsoever.

Plaintiff has provided no evidence to support his claim, not even sworn statements in a verified complaint, much less any supporting documentary evidence. By contrast, the Defendant has provided sworn affidavits stating that no excessive force was used on the Plaintiff. Further, even assuming Plaintiff's version of the event to be true for purposes of summary judgment, and that the Defendant did forcefully close the locker door on his arm, Plaintiff has presented no evidence whatsoever to show that he suffered any injuries of a constitutional magnitude as a result of this conduct. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) [the mere incantation of physical and mental injury, of course, is inadequate to survive a motion for summary judgment]; Papasan v. Allain, 478 U.S. 265, 286 (1986) [courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [even though pro se litigants are held to less stringent pleading standards then attorneys,



the court is not required to "accept as true legal conclusions or unwarranted factual inferences."]. Again by contrast, the Defendant has submitted copies of Plaintiff's medical records, which reflect that Plaintiff suffered no significant injury as a result of the incident. Hence, Plaintiff has failed to present any evidence of a compensable injury. Thaddeus-X v. Wozniak, No. 99-1720, 2000 WL 712383 at **3 (6th Cir. May 23, 2000)[Plaintiff must show he suffered more than de minimis injury]; Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]; cf. Siglar v. Hightower, 112 F.3d 191, 193-194 (5th Cir. 1997)[claim based on sore and bruised ear lasting for three days was de minimis, and thus, Plaintiff failed to raise valid Eight amendment claim for excessive use of force nor did he have requisite "physical injury" to support claim for emotional or mental suffering.].

Plaintiff's failure to present any evidence to support his allegations is fatal to his claim. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. Therefore, Plaintiff having submitted no evidence to support his claim of excessive use of force by the Defendant resulting in compensable injury, this case should be dismissed. See Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ["not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"]; see also Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996) [because prison officials are entitled to use appropriate force to quell prison disturbances, and because these officials oftentimes must act under pressure without the luxury of a second chance, in order for a prisoner to prevail on an Eighth Amendment claim he must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm];



## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's Motion for summary judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 20, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

